## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSEPH BARBER** | **CIVIL ACTION NO.  14-0098** |
| **VERSUS** | **JUDGE IVAN L.R. LEMELLE** |
| **BARRY GRAHAM OIL SERVICE, LLC** | **MAGISTRATE JUDGE KAREN WELLS ROBY** |

**************************************************************************

## JOINT PROPOSED JURY CHARGES

NOW INTO COURT, through undersigned counsel, come plaintiff, JOSEPH BARBER, and defendant, BARRY GRAHAM OIL SERVICES, LLC, who submit the following Jury Charges to be submitted to the jury in this matter, at trial set for December 1, 2014.

The parties submit the following Fifth Circuit Pattern Jury Instructions: §1.1; §2.2; §2.7; §2.8; §2.11; §2.12; §2.13; §2.16; §2.18; §2.19; §2.20; §2.21; §2.22; §2.23; §3.1; §4.3; §4.4; §4.5; §4.6; §4.7; §4.8; §4.10; §4.11; §4.12; §15.1; §15.2; §15.3; §15.4; §15.6(A); §15.7; and §15.13. In addition, the parties respectfully request that the following jury charges also be submitted to the jury in this matter:

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 1

## JONES ACT—NEGLIGENCE

Jones Act employers have an absolute and non-delegable duty to provide a seaman with a safe place to work.[1]

***Defendant objects on the basis that 5th Circuit Pattern Jury Instruction 4.4 (2014) adequately addresses a Jones Act employer's legal duties.***

---

[1] *Alexander v. Global Fabrication, L.L.C.*, 2011 WL 2899124 (E.D.La. 2011); *Johnson v. Blue Marlin Services of Acadia*, 713 F.Supp2d 592 (E.D.La. 2010) citing *Sanford v. Caswell*, 200 F.2d 830 (5 Cir. 1953); *Mier v. Wood Towing, L.L.C.*, 2009 WL 2922315 (E.D.La. 2009) citing *Martin, Walk, Haydel & Associates, Inc.*, 742 F.2d 246 (5 Cir. 1984).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 2

## JONES ACT—NEGLIGENCE

An employer's negligence may arise from a dangerous condition on or about the vessel, failure to use reasonable care to provide a seaman with a safe place to work, failure to inspect the vessel for hazards and any other breach of the owner's duty of care.[2] Under the Jones Act, a defendant must bear the responsibility for any negligence, however slight, that played a part in causing the plaintiff's injury.[3]

***Defendant objects on the basis that 5th Circuit Pattern Jury Instruction 4.4 (2014) adequately addresses a Jones Act employer's legal duties.***

---

[2] *Davis vs. Hill Engineering, Inc.* 549 Fd.2d 314 (5 Cir. 1977).
[3] *CSX Transp. Inc. v. Robert McBride*, 131 S. Ct. 2630 (2011).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 3

## JONES ACT—NEGLIGENCE

Although a seaman does have a duty to use reasonable care, this duty is tempered by the realities of maritime employment.[4] A seaman is allowed to rely upon his employer to provide a safe work environment.[5]

*Defendant objects on the basis that 5th Circuit Pattern Jury Instruction 4.4 (2014) adequately addresses a Jones Act employer's legal duties.*

---

[4] *Ceja vs. Mike Hooks, Inc.,* 690 Fd.2d 1191 (5th Cir. 1982)(overturned on other grounds).
[5] *Gautreaux vs. Scurlock Marine, Inc.* 107 Fd.3d 331 (5th Cir. 1997).

4

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 4

### JONES ACT—NEGLIGENCE

The Jones Act employer has a duty to supervise or instruct seaman as to safe methods by which they can carry out orders given to them.[6]


*Defendant objects on the basis that 5th Circuit Pattern Jury Instruction 4.4 (2014) adequately addresses a Jones Act employer's legal duties.*

---

[6] *Smith v. Flowers Transportation, Inc.*, 377 F.Supp. 1112 (N.D. Miss. 1974).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 5

## JONES ACT—NEGLIGENCE

The owner of a vessel has a clear duty to supervise the work of a seaman under his command. In addition, he must warn the seaman of all impending dangers of which he, the shipowner, is or should be aware, and the shipowner is chargeable with the knowledge, or lack of knowledge, of his employees.[7]


***Defendant objects on the basis that 5th Circuit Pattern Jury Instruction 4.4 (2014) adequately addresses a Jones Act employer's legal duties.***

---

[7] *Olsen vs. State Line,* 378 F.2d 217 (9 Cir. 1967); *Olah v. S. S. Jaladurga,* 343 F.2d 457 (4 Cir. 1965); *Stevens v. Seacoast Co, Inc.* 414 F.2d 1032 (5 Cir. 1969).

<u>PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 6</u>

**UNSEAWORTHINESS AND A SHIPOWNER'S DUTY**

A vessel owner is responsible for the injuries of seaman that result from the unseaworthiness of the vessel. There is a very high burden on a vessel owner to provide its crew with a seaworthy ship. This duty is absolute, non-delegable and completely independent of the Jones Act requirement to exercise reasonable care. An owner's absolute duty to provide a seaworthy vessel may not be delegated to anyone. Liability for an unseaworthy condition does not depend on negligence, fault or blame. Thus, if an owner does not provide a seaworthy vessel, then no amount of prudence will excuse him, whether he knew or should have known of the unseaworthy condition.[8] It makes no difference how the unseaworthy condition arose; "unseaworthiness is a condition of the vessel, and how that condition arises has been deemed irrelevant to the owner's liability for allowing such a condition to exist."[9]

*Defendant objects on the basis that 5th Circuit Pattern Jury Instruction 4.5 (2014) adequately addresses a vessel owner's duty to provide a seaworthy vessel.*

---

[8] *Foster v. Destin Trading Corp.*, 96-0803, 695 So.2d 509 (La. 1997).
[9] *Usner v. Luckenbach Overseas. Corp.*, 400 U.S. 494 (1971).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 7

### CONTRIBUTORY NEGLIGENCE

A seaman may not be contributorily negligent for carrying out orders that result in his own injury, even if he recognizes possible danger.[10]

***Defendant objects on the basis that 5th Circuit Pattern Jury Instruction 4.7 (2014) appropriate sets forth the doctrine of contributory negligence in Jones Act cases.***

---

[10] *Williams v. Brasea, Inc.* 497 F.2d 67, (5 Cir. 1974), opinion amended on denial of rehearing 513 F.2d 301, certiorari denied 96 S.Ct 207, 423 U.S. 906, 46 L.Ed.2d 136, certiorari denied *Brasea, Inc. v. Bender Welding & Machine Company, Inc.* 96 S.Ct 207, 423 U.S. 906,46 L.Ed.2d 136, appeal after remand 549 F.2d 977.

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 8

## CAUSATION

Not every injury that follows an accident necessarily results from it. The accident must be the cause of the injury.

In determining causation, a different rule applies to the Jones Act claim and to the unseaworthiness claim.

Under the Jones Act, for both the employer's negligence and the plaintiff's contributory negligence, an injury or damage is considered caused by an act or failure to act if the act or omission brought about or actually caused the injury or damage, in whole or in part.  In other words, under the Jones Act, a defendant and a plaintiff each bear the responsibility for any negligence, however, slight, that played a part in causing the plaintiff's injury.[11]

In an unseaworthiness claim, the plaintiff must show, not merely that the unseaworthy condition was a cause of the injury or damage, but that such condition was a proximate cause of it. This means that the plaintiff must show that the condition in question played a substantial part in bringing about or actually causing his injury or damage, and that the injury was either a direct result or a reasonably probable consequence of the condition.[12]

In an unseaworthiness claim, proof of the plaintiff's contributory negligence also requires the defendant to show, not merely that the plaintiff's contributory negligence was a cause of the injury or damage, but that the plaintiff's negligence was a proximate cause of it.  This means that the defendant must show that the plaintiff's negligence played a substantial part in bringing about

---

[11] *CSX Transp. Inc. v. Robert McBride*, 131 S. Ct. 2630 (2011).
[12] Fifth Circuit Pattern Jury Instructions (Civil Cases) § 4.6 (2009).

or actually causing the injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of the plaintiff's negligence.[13]

**Barry Graham objects on the basis that 5th Circuit Pattern Jury Instruction 4.6 (2014) appropriate sets forth the doctrine of causation for Jones Act negligence and unseaworthiness.**

---

[13] *See Alvarez v. J. Ray McDermott & Co., Inc.*, 674 F.2d 1037, 1043 (5th Cir. 1982); *Comeaux v. T.L. James & Co., Inc.*, 702 F.2d 1023, 1024-25 (5th Cir. 1983).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 9

## LOSS OF EARNING CAPACITY

Loss of earning capacity is not the same as lost wages. Rather, earning capacity refers to a person's potential. Earning capacity is not necessarily determined by actual loss. While the plaintiff's earnings at the time of the accident may be relevant, such figures are not necessarily indicative of his past or future lost earning capacity. The plaintiff need not be working or even in a certain profession to recover this type of award. What is being compensated is the plaintiff's lost ability to earn a certain amount, and he may recover such damages even though he may never have seen fit to take advantage of that capacity.

In order to recover for impairment of earning capacity, the plaintiff must prove two things. First, plaintiff must demonstrate that before the incident, plaintiff had a capacity to earn money. Second, plaintiff must show that plaintiff's capacity, if it existed, was diminished through MSRC's negligence.

Factors to consider in fixing awards for loss of earning capacity include: age, work life expectancy, appropriate discount rate, the annual wage rate increase, prospects for rehabilitation, probable future earning capacity, loss of earning capacity, and the inflation factor or decreasing purchasing power of the applicable currency.[14]

---

[14] *Gossett v. Wal-Mart Stores, Inc.*, 2007 WL 628116 (E.D.La. 2007).

## DEFENDANT'S PROPOSED JURY CHARG-E NO. 1

Members of the jury, you have now been sworn and we are about to begin the trial of the case about which you have heard some details during the process of jury selection. Before the trial begins, however, there are certain instructions you should have in order to understand what will be presented before you and how you should conduct yourself during the trial.

The party who brings a lawsuit is called the plaintiff. In this action, the plaintiff is Joseph Barber.   The party against whom the suit is brought is called the defendant, and in this action the defendant is Barry Graham Oil Services, LLC.   In this action, the plaintiff seeks recovery for damages on account of personal injuries.

As jurors, you will be the sole judges of the facts in this case. It is important that you listen carefully and apply yourselves diligently to the determination of the facts.   Under Federal law, I am not permitted to comment on, or express any opinion about, the evidence presented to you. Accordingly, if I appear to express any opinion on the facts during the course of this trial or in my final instructions to you at the close of the trial, you should disregard that opinion.   It is not evidence.

Similarly, the arguments which will be addressed to you by the lawyers in this case are not evidence.  Your determination of the facts must be based upon all the testimony that you hear and the other evidence that is submitted.  You are the exclusive judges of the facts, and in that field neither I nor anyone else may interfere.  On the other hand, and with equal emphasis, I instruct you that you are bound to accept the rules of law that I give you at the close of the trial whether you agree with them or not.

During the course of the trial, you will undoubtedly hear objections to evidence.  It is the duty of the lawyers on each side of a case to object when the other side offers testimony or other

evidence which the attorney believes is not properly admissible.  You should not draw any inference against, or show any prejudice against, a lawyer or his client because of the making of any objection.  If I should decide to allow the evidence to be admitted, this is not an expression of opinion on my part as to the weight the evidence should be given in your minds; I repeat again that you are the sole judges of the weight to be given to the evidence which you hear.

If I should sustain an objection to a question addressed to a witness, you must disregard the question entirely and draw no inference from the wording of it, or speculate as to what the witness might have said if permitted to answer the question.

At other times during the trial, I may direct that certain evidence be stricken from the record, and I will instruct you to disregard this evidence.  You will then not consider such evidence, since your verdict must be based solely on legally admissible evidence.

I should also point out to you that anything you may have seen or heard outside the courtroom is not evidence and should be disregarded.  You should decide this case solely on the evidence presented here in the courtroom.  That also means that you should not conduct any research on these matters yourselves, such as reading books that might help you understand this case.  Since not all of the jurors would have access to the same materials, this independent effort on your part would not be fair to the parties to this litigation.

In the course of the trial, you are going to hear the testimony of witnesses, and you will have to make judgments about the credibility of the testimony.  I ask you to be patient, and listen carefully to the testimony of all the witnesses, and keep it all in mind until you hear the entire case. As you listen to the witnesses and judge their credibility, you should be aware of such matters as their interest or lack of interest in the outcome of the case; their ability and their opportunity to know and remember and tell the facts; their manner; their experience; their frankness and sincerity

or the lack thereof; the reasonableness or unreasonableness of the witness's testimony in light of all the other evidence in the case; and any other factors that bear on the question of credibility and weight.

It is also the duty of the Court to admonish an attorney who, out of zeal for the representation of his client, does something which is not in keeping with the rules of evidence or procedure.  You should draw no inference against the party to whom an admonition of the Court may be addressed during the trial of this case.

During the trial it may be necessary for me to talk to the lawyers out of your hearing about questions of law or procedure that require consideration by the court alone.  Occasionally, you may be excused from the courtroom for the same reason.  I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

Federal law does not permit jurors to ask questions of witnesses or lawyers.  Therefore please do not interrupt the lawyers during their examination of witnesses or otherwise.  If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will see that the situation is corrected.  Also, if you need to go to the restroom, please raise your hand and I will call a recess.

As the trial progresses, you may take notes if you wish.  You are not required to do so. The court staff will provide you with a pen and a notebook for this purpose.  Each time that we take a recess, the court staff will collect these notebooks from you and then return each person's notebook to him or her as you return to the jury box.  This procedure is necessary to assure confidentiality of the notes that you may take.  At the end of the trial, as you retire to consider your verdict, you will be permitted to take these notebooks to the jury room with you.  For your information, after

your verdict is returned, your notes will be destroyed by the court staff and will not be a part of the record for any appeal in this case.

Finally, let me say that you will not be required to remain together while the court is in recess.  But it is important that you obey the following instructions with reference to periodic breaks that we may take:

1.     Do not discuss the case either among yourselves or with anyone else during the course of the trial.  In fairness to the parties to this lawsuit, you should keep an open mind throughout the trial, reaching your conclusion only during your final deliberations after all the evidence is in and you have heard the lawyers' closing arguments and my instructions to you on the law, and then only after an interchange of views with the other members of the jury.

2.     Do not permit any person to discuss the case in your presence, and if anyone does so despite your telling him not to, report that fact to the court as soon as you can.  You should not, however, discuss with your fellow jurors either that fact or any other fact you feel necessary to bring to the attention of the court.

3.     You may come into contact with the lawyers, parties and witnesses in the hallway or in the elevator.  Though it is a normal human tendency to talk to people with whom one is thrown in contact, please do not, during the time you serve on this jury, talk, whether in or out of the courtroom, to any of the parties or their attorneys or any witnesses.  By this I mean not only do not talk to them about the case, but do not talk at all, even to pass the time of day.  They are not permitted to talk to you about anything, even if it does not concern the case.  Please don't feel offended if they don't exchange the pleasantries of saying hello or discussing the weather with you.  In no other way can all parties be assured of the absolute impartiality they are entitled to expect from you as jurors.

The order of the trial's proceedings will be as follows.  In just a moment the lawyers for each of the parties will be permitted to make what we call their "opening statements."  The plaintiff will then go forward with the calling of witnesses and presentation of evidence during what we call the plaintiff's "case in chief."  When the plaintiff finishes, the defendant will proceed with witnesses and evidence, after which, within certain limitations, the plaintiff may be permitted to again call witnesses or present evidence during what we call the "rebuttal" phase of the trial.  The plaintiff proceeds first, and may rebut at the end, because the law places the burden of proof upon the plaintiff (as I will further explain to you as a part of my final instructions). When the evidence portion of the trial is completed, the lawyers are then permitted to make their closing arguments, after which I will instruct you on the applicable law and you will then retire to deliberate upon your verdict.

Now, we will begin with the opening statements, first by the lawyer for the plaintiff.

## DEFENDANT'S PROPOSED JURY CHARGE NO. 2

For plaintiff to recover against the vessel owner for negligence under Jones Act caused by a dangerous condition, as in this case, plaintiff must meet his burden of proof to show four things. These are: (1) that a dangerous condition actually existed;  (2) that the defendant had actual knowledge of the dangerous condition and reasonably anticipated that plaintiff might be injured by it; 3) that if the defendant was negligent, such negligence proximately caused plaintiff's injuries (*Webster v. U.S.*, 1995 WL 368429 (S.D.N.Y.)(*citing Diebold v. Moore McCormack Bulk Transport Lines, Inc.*, 805 F.2d 55 (2d Cir.1986);  *Saleh v. United States*, 849 F.Supp. 886 (S.D.N.Y.1994)); and (4) that the defendant had an opportunity to correct that situation and failed to do so (*E.g., Billedeaux v. Tidex*, 1993 WL 21420, 1994 A.M.C. 1103 (5th Cir. 1993), *aff'd* 3 F.3rd 437 (5th Cir. 1993); 1 B Dale S. Cooper, *Benedict on Admiralty*, p. 21 (1993)).

16

***Plaintiff objects to Proposed Charge No. 2 on the basis that it is an inaccurate statement of law, that Plaintiff's proposed charges on causation are more accurate statements of the law, and that it is duplicative of Fifth Circuit Pattern Instruction No. 4.6.***

## DEFENDANT'S PROPOSED JURY CHARGE NO. 3

Under the Jones Act, an employer is required only to provide a seaman with a reasonably safe place to work. "Whether the employer could have provided the seaman with a safer alternative is not the proper inquiry. If a task being performed by a seaman is common and can be performed by a person of average intelligence, there is no obligation for the employer to devise a foolproof method for the employee to carry out the task." Schoenbaum*, Admiralty and Maritime Law*, (2nd Ed.), § 6-21. *Duhon v. Southern Pacific Transportation Co.*, (3rd Cir. 1998), 720 So.2d 117. *See, Vendetto v. Sonat Offshore Drilling Co.*, (La. 1/20/99), 725 So.2d 474, 479.

***Plaintiff objects to Proposed Charge No. 3 on the basis that it is an inaccurate statement of law, that Plaintiff's proposed charges on causation are more accurate statements of the law, and that it is duplicative of Fifth Circuit Pattern Instruction No. 4.4.***

## DEFENDANT'S PROPOSED JURY CHARGE NO. 4

A seaman is obligated to act with ordinary prudence under the circumstances. A seaman has the duty to exercise that degree of care for her own safety that a reasonable seaman would exercise in like circumstances. If you find that the accident was mainly caused by the contributory negligence of the seaman, then you must determine the percentage that the seaman's contributory negligence contributed to the accident. *Gautreaux v. Scurlock Marine, Inc.*, 107 F.3d 331 (5th Cir. 1997).

*Plaintiff objects to Proposed Charge No. 4 on the basis that it is duplicative of Fifth Circuit*

*Pattern Instruction No. 4.7.*


## DEFENDANT'S PROPOSED JURY CHARGE NO. 5

A seaman's employer is not required under the law to have anticipated a seaman's careless actions and prevent them.  If a seaman chooses to act carelessly, the employer is not liable.  In fact, an employer is entitled to assume that an employee will see and observe that which is obvious through the use of ordinary senses.  Put most simply, if a seaman is provided with a safe way to work and he chooses to do something in a way that he knows, or should know, is unsafe and dangerous, her employer is not responsible for the results of a choice made knowingly by the seaman.  1 B. Hall, Sann & Bellman, Benedict on Admiralty, §21 at 3 - 11, §25 at 3-128 (7th Ed. 1976).  *Id., See also, Robinson v. Zapata Corp.*, 664 F.2d 45, 49 (5th Cir. 1981) (Where a seaman knows of several simple, readily available ways to avoid an unsafe course of conduct, he has the duty to follow the safe course of conduct and that the seaman's failure to do so bars recovery under the Jones Act and general maritime law).  In other words, "the use of unsafe equipment and methods" by a seaman "in the face of an available safer alternative," or "the failure to take available action to minimize the dangers in a necessarily risky course of action" "requires a finding of comparative fault and consequently mitigation of damages."  *Webb v. Dresser Industries*, 536 F.2d 603 (5th Cir. 1976); *Socony-Vacuum Oil Co. v. Smith*, 305 U.S. 424, 431 (1939); *Manning v. M/V SEA ROAD*, 358 F.2d 615 (5th Cir. 1965).

*Plaintiff objects to Proposed Charge No. 5 on the basis that it is duplicative of Fifth Circuit*

*Pattern Instruction No. 4.7.*

## **DEFENDANT'S PROPOSED JURY CHARGE NO. 6**

If the plaintiff has proven his claim against the defendant by the preponderance of the evidence, you must determine the damages to which the plaintiff is entitled. You should not interpret the fact that I have given instructions about the plaintiff's damages as an indication in any way that I believe that the plaintiff should win this case. It is you first task to decide whether any particular defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that the defendant is liable and that the plaintiff is entitled to recover money from the defendant.

## **DEFENDANT'S PROPOSED JURY CHARGE NO. 7**

A person who claims damages resulting from the wrongful act of another has a duty under the law to mitigate – to avoid or minimize those damages. If you find the defendant is liable and the plaintiff has suffered damages, the plaintiff may not recover for any item of damage which he could have avoided through reasonable effort. If you find by a preponderance of the evidence the plaintiff failed to take advantage of an opportunity to lessen his damages, you should deny his recovery for those damages which he could have avoided had he taken advantage of the opportunity.

You are the sole judge of whether the plaintiff acted reasonably in avoiding or minimizing his damages. An injured plaintiff may not sit idly by when presented with an opportunity to reduce his damages.

*Plaintiff objects to Proposed Charge No. 7 on the basis that it is duplicative of Fifth Circuit Pattern Instruction No. 15.5.*

## DEFENDANT'S PROPOSED JURY CHARGE NO. 8

Before a seaman can recover maintenance and cure, he bears the burden of alleging and proving the following facts: (a) his engagement as a seaman, (b) that his illness or injury occurred, was aggravated or manifested itself while in the ship's service, (c) the wages to which he may be entitled, and (d) the expenditures or liability incurred by him for medicines, nursing care, board and lodging. *See Foster, III v. Brian's Trans. Serv. et al.,* 1993 U.S. Dist. LEXIS 4531, *6, 1993 WL 114528, *2 (E.D.La.1993) (citing MARTIN NORRIS, 2 THE LAW OF SEAMEN § 26.21 at 53 (Supp.1992)).

**Plaintiff objects to Proposed Charge No. 8 on the basis that it is duplicative of Fifth Circuit Pattern Instruction No. 4.10.**

## DEFENDANT'S PROPOSED JURY CHARGE NO. 9

Seamen injured in the course of their employment are entitled maintenance and cure benefits until they reach maximum medical improvement ("MMI"). *See Breese v. AWI, Inc.,* 823 F.2d 100, 104 (5th Cir.1987). MMI is the point at which no further improvement in the seaman's medical condition is reasonably expected. *See Lauland v. Hugh Eymard Towing Co., Inc.,* 2000 U.S. Dist. LEXIS 6447, *20 (citing *Farrell v. United States,* 336 U.S. 511, 518 (1949)). Generally, the obligation to provide maintenance and cure ends when a doctor provides a qualified medical opinion that Plaintiff has reached MMI. *See Lauland,* 2000 U.S. Dist. LEXIS 6447 at * 20 (citing *Breese,* 823 F.2d at 104-05).

**Plaintiff objects to Proposed Charge No. 9 on the basis that it is duplicative of Fifth Circuit Pattern Instruction No. 4.10.**

## DEFENDANT'S PROPOSED JURY CHARGE NO. 10

Upon receiving notice of a claim for maintenance and cure, a shipowner may investigate and require corroboration of the claim, and need not immediately provide payment. *See Morales v. Garijak, Inc.,* 829 F.2d 1355, 1358 (5th Cir.1987) (citing *McWilliams v. Texaco, Inc.,* 781 F.2d 514, 518-20 (5th Cir.1986)). If the shipowner reasonably rejects the claim after investigating it, the shipowner is not liable for compensatory damages in addition to maintenance and cure. *See Id.* Only if the shipowner rejects the claim in an arbitrary and capricious, or willful, callous, and persistent manner, does the shipowner becomes liable for compensatory damages.

**Plaintiff objects to Proposed Charge No. 10 on the basis that it is duplicative of Fifth Circuit Pattern Instruction No. 4.10.**

## DEFENDANT'S PROPOSED JURY CHARGE NO. 11

When earnings are inconsistent, "gross earnings" at the time of the injury are calculated using "earnings from past data." *See In Re Parker Drilling Offshore USA, LLC,* 323 Fed. Appx. 330 (5th Cir. 2009) citing *Herbert F. Wal-Mart Stores, Inc.,* 911 F.2d 1044, 1050 (5th Cir. 1990); *Hernandez v. M/V Wrajaan,* 841 F.2d 582, 587-88 (5th Cir. 1988) (on part-time earnings of the past three years to derive future earnings loss); *see also Noack v. A.M.S.S. Co.,* 491 F.2d 937, 942 (6th Cir. 1974) (using a five-year period to estimate pre-earnings capacity because of the fluctuations in earnings); *Mayne v. Omega Protein, Inc.,* 2010 WL 1141632 (5th Cir. March 18, 2010).

**Plaintiff objects to Proposed Charge No. 11 on the basis that it is misleading and inaccurate. Examining gross earnings of prior years is used only when the plaintiff had an "inconsistent work history," not an inconsistent "earnings" history. Nelson v. Cooper T. Smith Stevedoring Co., Inc., 2013 WL 4591362 (E.D. La. 2013).**

21

Respectfully Submitted,

+-----------------------------------------------+
| **CERTIFICATE OF SERVICE**                    |
|                                               |
| I hereby certify that a copy of the foregoing |
| has been electronically filed with the Clerk  |
| of Court using the CM/ECF system this 24th    |
| day of November, 2014.  Notice of this filing |
| will be sent to all counsel of record by      |
| operation of the Court's electronic filing    |
| system and/or U.S. Mail or electronic means.  |
|                                               |
|              _/s/ Megan C. Misko_             |
|              MEGAN C. MISKO                    |
+-----------------------------------------------+

_/s/Megan C. Misko_____
TIMOTHY J. YOUNG (22677)
TAMMY D. HARRIS (29896)
MEGAN C. MISKO (29803)
**THE YOUNG FIRM**
400 Poydras Street, Suite 2090
New Orleans, LA 70130
Telephone: (504) 680-4100
Facsimile (504) 680-4101
***Attorneys for plaintiff, Joseph Barber***


_/s/ Evans Martin McLeod_____
**EVANS MARTIN MCLEOD**
**DAVID I. CLAY, II**
Phelps Dunbar, LLP
365 Canal St., Suite 2000
New Orleans, LA 70130
Telephone: (504) 566-1311
Fax: (504) 568-9130
***Attorneys for defendant, Barry Graham Oil***
***Services, LLC***